```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/09/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
    -against-                       :    No. 91 Cr. 83 (JFK)
                                    :
DOMINGO PIMENTEL,                   :    **OPINION & ORDER**
                                    :
                    Defendant.      :
---------------------------------------X

APPEARANCES

FOR DEFENDANT DOMINGO PIMENTEL:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Kaylan E. Lasky
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a successive pro se motion by Defendant Domingo Pimentel seeking a sentence reduction to time served and his immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute. On October 14, 2020, the Court denied a similar pro se request for immediate release by Pimentel ("the October 14 Decision"). See United States v. Pimentel, 2020 U.S. Dist. LEXIS 190501 (S.D.N.Y. Oct. 14, 2020).[1]

For the reasons set forth below, Pimentel's successive motion is DENIED.

---

[1] This decision does not appear in the Westlaw database.

**I. Background**

The Court assumes familiarity with the October 14 Decision. To briefly summarize, on August 2, 1991, Pimentel was convicted by a jury of interfering with the federally protected activities of a government informant by killing him, in violation of 18 U.S.C. § 245(b)(1)(B); retaliating against that informant by killing him, in violation of 18 U.S.C. § 1513(a)(2); and bail jumping, in violation of 18 U.S.C. § 3146. The charges stemmed from Pimentel's brutal murder of a Secret Service informant who identified Pimentel and his common-law wife as potential sources of counterfeit currency. Following their guilty pleas to related charges, Pimentel and his wife were continued on bail, during which Pimentel observed the informant in front of a building in the Bronx, retrieved a baseball bat from the trunk of his friend's car, and, in front of at least two witnesses, ran up behind the informant and brutally murdered him by striking the informant's head with the bat approximately 15-20 times. Pimentel fled; the informant was pronounced dead; and Pimentel was eventually located and arrested by federal agents in Puerto Rico. On December 5, 1991, the Court sentenced Pimentel to life in prison for the murder. To date, he has served approximately 30 years of his life sentence.

On June 8, 2020, Pimentel filed a pro se motion requesting a reduction in sentence and his immediate release due to the

COVID-19 pandemic.  The Government opposed Pimentel's request, and on October 14, 2020, the Court denied Pimentel's motion, explaining that "application of the [sentencing factors set forth in 18 U.S.C. § 3553(a)] cripples his request and outweighs any justification for early-release." Pimentel, 2020 U.S. Dist. LEXIS 190501, at *7.  "Indeed," the Court wrote, "Pimentel's offense conduct is among the most serious and reprehensible the Court has ever encountered:  Pimentel deliberately and brutally murdered a government informant by sneaking up behind the victim and striking him multiple times in the head with a baseball bat, breaking nearly every bone in the victim's face and skull." Id. at *8.

On March 15, 2021, the Court received a second pro se motion for compassionate release from Pimentel raising substantially the same arguments in support of his request for immediate release.

**II.  Discussion**

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).  Nevertheless, "[r]econsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests

3

of finality and conservation of scarce judicial resources.'" In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The Second Circuit has made clear that motions for reconsideration are to be denied except where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Stagg P.C. v. U.S. Dep't of State, No. 15 Civ. 8468 (KPF), 2019 WL 1863418, at *1 (S.D.N.Y. Apr. 25, 2019) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "Compelling reasons for granting a motion for reconsideration are limited to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Id. (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)); see also Stone v. Theatrical Inv. Corp., 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (observing that a motion for

reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced") (quotation marks omitted).

Pimentel's renewed request for immediate compassionate release is without merit.  First, Pimentel's medical conditions and the guidance promulgated by the Centers for Disease Control and Prevention regarding relevant COVID-19 risk factors have not changed in any meaningful or substantial way.  Second, Pimentel's motion does not raise any new or compelling grounds to support his immediate release.  Finally, and once again decisive here, even if Pimentel's renewed motion warranted reconsideration of the October 14 Decision, application of the § 3553(a) sentencing factors once again outweighs the reasons Pimentel proffers for a reduction to his sentence.  For the reasons stated in the October 14 Decision and during Pimentel's December 5, 1991 sentencing, which are incorporated by reference here, the Court finds that modifying Pimentel's term of imprisonment would disserve the sentencing factors set forth in 18 U.S.C. § 3553(a).  Accordingly, Pimentel's motion is denied. See Pimentel, 2020 U.S. Dist. LEXIS 190501, at *7–8; see also United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2021 WL 793880, at *4 (S.D.N.Y. Mar. 2, 2021) (denying renewed request for

5

compassionate release); <u>United States v. Mascuzzio</u>, No. 16 Cr. 576 (JFK), 2021 WL 794504, at *3 (S.D.N.Y. Mar. 2, 2021) (same).

### III. Conclusion

For the reasons set forth above, Defendant Domingo Pimentel's successive motion for a reduction in sentence is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 34.

**SO ORDERED.**

Dated:  New York, New York
        April 9, 2021

_____
John F. Keenan
United States District Judge